UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EVELYN AROCHO, ISMAEL TORRES, ANGELICA CORTES, DAVID TORRES, MIRTA MORENO, CAPT. EDWIN CINTRON,<br><br>Plaintiffs,<br><br>v.<br><br>KELLNER'S FIREWORKS, INC.,<br><br>Defendant. | Civil No. 14-1556 (JAF) |

**OPINION AND ORDER**

Plaintiffs Evelyn Arocho, Ismael Torres, Angélica Cortés, David Torres, Mirta Moreno, and Captain Edwin Cintrón (collectively "Plaintiffs") are suing Defendant Kellner's Fireworks, Inc. ("Kellner's") in diversity jurisdiction, pursuant to 28 U.S.C. 1332, for injuries allegedly caused by defective products. (Docket No. 1.) Defendant asks that we dismiss the complaint. (Docket No. 12.) For the following reasons, we find that the complaint is time-barred and, therefore, we grant the dismissal.

**I.**

**Background**

When considering a motion to dismiss, we must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. *Rodríguez-Ramos v. Hernández-Gregorat*, 685 F.3d 34, 39-40 (1st Cir. 2010) (internal citations omitted). Therefore, to the extent that any facts are disputed, the facts set forth below represent Plaintiffs' version.

Plaintiffs attended a party on December 28, 2011, in Rancho Grande, San Sebastían, Puerto Rico, at the home of Luis Torres-Rivera and his wife Blanca Ríos. As part of the festivities, the Torres family hired Cortés International Fireworks to perform a fireworks display. Cortés International Fireworks provided a pyrotechnician, Eliud González, to perform the fireworks display, and provided aerial fireworks manufactured and/or distributed by Kellner's. The first firework ascended into the air and exploded as expected. The second firework ascended into the air but did not detonate until it returned to land. When it exploded near the ground, the party guests panicked and ran away. Some guests tripped and fell, and some guests trampled other guests. The explosion allegedly burned some guests and deafened other party guests to various degrees, with some guests bleeding from the ears. Allegedly, the plaintiffs have permanent emotional damage from the experience. (Docket No. 1 at 3-4.)

Evelyn Arocho was taken to the Emergency Room for treatment for burns and a cut to her left ankle. She continued medical treatment for damage to her skin and hearing, and she received psychiatric treatment after the event. Her husband, Ismael Torres, alleges that he suffered emotional damages from the fireworks and from his wife's medical and emotional treatment. (Docket No. 1 at 4.) Angelica Cortés was taken to the Emergency Room for burns and for damage to her skin and right hand. She was diagnosed with a non-displaced fracture of the fourth metacarpal and her right arm was bandaged. She broke her glasses. After the event, she had her eyesight and hearing examined and replaced her glasses. She alleges that she suffered great pain in her right hand and received approximately twenty-four physical therapies to regain movement of

her hand. She was allegedly diagnosed with Post-Traumatic Stress Disorder. Her husband, David Torres, allegedly suffered emotional damages from the fireworks explosion and from his wife's medical and emotional treatment. (Docket No. 1 at 4-5.) Mirta Moreno was taken to the Emergency Room for treatment for burns and abrasions. She had her eyesight tested because she allegedly saw flashes through her right eye. She also had her hearing checked after allegedly experiencing problems. Her husband, Edwin Cintrón, allegedly bled from his left ear after the incident and had an episode of elevated blood pressure. Edwin Cintrón alleges that after the incident, he continued to have uncontrolled blood pressure and a perforated eardrum. (Docket No. 1 at 5.)

On March 13, 2012, Evelyn Arocho, Ismael Torres, Angelica Cortés, David Torres, and Mirta Moreno wrote letters to Prime Insurance, the company that insures Cortés International Fireworks, asserting their claims from this incident. (Docket Nos. 16-1, 16-2, 16-3.) The letters state that,

> this accident was due solely to the fault and negligence of Cortes International Fireworks and/or their employees, because of a careless and irresponsible not control and/or safely handled the aforementioned explosions of fireworks, causing an explosion early, and create a condition unduly hazardous to the safety of persons who were at the residence of Mr. Luis Torres Rivera and Mrs. Blanca Rios, which was the direct cause of the accident that motivates this claim.

(Docket Nos. 16-1 at 2; 16-2 at 2; 16-3 at 2) (sic). On October 19, 2012, Edwin Cintrón similarly wrote to the insurer for Cortés International Fireworks asserting a claim for the December 28, 2011, incident. (Docket No. 16-4.)

On February 20, 2013, Prime Insurance wrote to Kellner's "to inform you of a bodily injury claim which has been filed against our insured's commercial general liability policy" and to "ask that you put your commercial general liability carrier on notice of this claim." (Docket No. 12-2.)

On April 18, 2013, Evelyn Arocho, Ismael Torres, Angelica Cortés, David Torres, Mirta Moreno, and Edwin Cintrón wrote their first letters to Kellner's alerting Kellner's of their claims. (Docket No. 12-1.) On August 5, 2013, Crawford & Company, the insurer for Kellner's, wrote that they had concluded their investigation of the claim and found no evidence that the fireworks used were defective or that the alleged injuries were caused by a manufacturing defect or product malfunction. They wrote that "Due to this reason, our principals have decided to deny the claim based on lack of evidence to the effect," and that, unless evidence was presented within the applicable statute of limitations, "our file will remain closed." (Docket No. 16-5.) On January 27, 2014, a representative from Crawford & Company wrote to the attorney for Plaintiffs, stating that they believed that the liability for the accident fell on Cortés due to the mishandling of the fireworks at the time they were detonated. (Docket No. 16-6.)[1] The January 27 letter, without accepting liability, offered to pay one-hundred twenty-five dollars ($125) for each claimant, for a total of five-hundred dollars ($500). (Docket No. 16-6.)

On July 14, 2014, Plaintiffs filed a federal complaint against Kellner's. (Docket No. 1.) On November 18, 2014, Kellner's filed the instant motion to dismiss. (Docket

---

[1] Plaintiffs failed to submit an English translation of this document and we ordered the court-certified interpreters to prepare a translation of the same. (Docket No. 16-7.) The court assesses the cost of the court-ordered translation against Plaintiffs and **ORDERS** them to pay the amount of $210.00, in a check payable to the Clerk, U.S. District Court, to be deposited in the court's registry **within the next twenty (20) days**.

No. 12.)  On December 5, 2014, Plaintiffs replied in opposition.  (Docket No. 16.) Kellner's replied on December 11, 2014.  (Docket No. 21.)

## II.

### **Time Bar**

As a federal court sitting in diversity, we apply the local laws of Puerto Rico, including "Puerto Rico's statute of limitations, as well as the concomitant tolling provisions of those statutes." *Montalvo v. Gonzalez-Amparo*, 587 F.3d 43, 46 (1st Cir. 2009).  Under Puerto Rico law, an action demanding civil liability for injuries stemming from fault or negligence must be filed no later than one year after the aggrieved person knew of the injury.  31 L.P.R.A. § 5298.  In this case, the accident occurred on December 28, 2011, and Plaintiffs sought medical treatment for their injuries that night.  (Docket No. 1 at 3-5.)  Therefore, the statute of limitations expired December 28, 2012, long before the complaint was filed on July 14, 2014.  (*See* Docket No. 1.)

Plaintiffs argue that the statute of limitations was properly tolled.  (Docket No. 1. at 5.)  Pursuant to Article 1873 of the Puerto Rico Civil Code, a plaintiff can interrupt the prescriptive period in one of three ways:  (1) by instituting an action "before the courts," (2) "by extrajudicial claim of the creditor," or (3) "by any act of acknowledgment of the debt by the debtor."  *Tokyo Marine and Fire Ins. Co. Ltd. v. Perez & Cia., De Puerto Rico, Inc.* 142 F.3d 1, 4 (1st Cir. 1998) (quoting P.R. Laws Ann. Tit. 31 § 5303 (official translation 1991)).[2]

---

[2] We note that although the English translation of the Puerto Rico Laws uses the terms "creditor" and "debtor," the laws refer to general tortfeasors and victims, not only to those disputing contracts.

First, it is undisputed that the prescriptive period was not tolled by an action before the courts.

Second, Plaintiffs did not make a valid extrajudicial claim of the creditor. *See Tokyo Marine* 142 F.3d at 4. For an extrajudicial claim to toll the statute of limitations, the extrajudicial letter must be "'identical' to a subsequently filed complaint." *Santana-Castro v. Toledo-Davila*, 579 F.3d 109, 114 (1st Cir. 2009) (internal citation omitted). To satisfy this identicality requirement (1) the extrajudicial letter and the later complaint "must seek the same form of relief"; (2) "[t]he causes of action asserted [in the complaint] must be based on the same substantive claims as asserted in the extrajudicial letter"; and (3) provided that the claim is not rescued on other grounds, the claims "must be asserted against the same defendants in the same capacities." *Id.* (internal citations omitted). Plaintiffs' claims in this case were not asserted against Kellner's until after the expiration of their claims. In the March 2012 letters, Plaintiffs asserted their claims only against Cortés International Fireworks. (Docket Nos. 16-1, 16-2, 16-3.) In fact, those letters state that,

> [t]his accident was due solely to the fault and negligence of Cortes International Fireworks and/or their employees, because of a careless and irresponsible not control and/or safely handled the aforementioned explosions of fireworks, causing an explosion early, and create a condition unduly hazardous to the safety of persons who were at the residence of Mr. Luis Torres Rivera and Mrs. Blanca Rios, which was the direct cause of the accident that motivates this claim.

(Docket Nos. 16-1 at 2; 16-2 at 2; 16-3 at 2) (sic).[3]  When the statute of limitations expired -- December 28, 2012 – Plaintiffs had not notified Kellner's of any claim against them.

Third, no evidence has been submitted that the debtor made an act of acknowledgment of the debt within the statute of limitations. *See Tokyo Marine* 142 F.3d at 4.

Plaintiffs argue that there should be an equitable tolling of the statute of limitations.  They cite to *Velilla v. Pueblo Supermarkets*, 111 D.P.R. 585, 587-588 (1981), which, in Plaintiffs' own words, states that "a defendant that lures plaintiffs to continue negotiating, by itself or by a third party such as an insurance company or claims adjuster, cannot raise the defense of prescription." (Docket No. 16 at 5.)  However, Plaintiffs show no evidence that Kellner's or Kellner's insurance company ever "lured" them into negotiations.  Plaintiffs point to their letters addressed to the company that insures Cortés International Fireworks.  (Docket No. 16 at 5.)  However, that company does not insure Kellner's.  Plaintiffs then point to the August 5, 2013, letters from the company that insures Kellner's as proof that Kellner's lured them into foregoing a judicial claim within the statute of limitations.  (Docket No. 16 at 5-6.)  However, those letters were written in August 2013, and the statute of limitations had already expired on December 28, 2012.  Therefore, Plaintiffs have not made a valid argument for equitable tolling of the statute of limitations.

---

[3] Edwin Cintrón did assert his claim against Cortés International Fireworks until October 19, 2012. (Docket No. 16-4.)

Plaintiffs failed to toll the statute of limitations on any of their claims, and their suit is time-barred.

## III.

## Indispensible Parties

Because this case is time-barred, we need not determine which parties are indispensable for a civil suit. This issue is moot.

## IV.

## Conclusion

For the foregoing reasons, both the federal claims and the Commonwealth claims in Plaintiffs' complaint against Kellner's Fireworks, Inc., are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 13th day of January, 2015.

S/José Antonio Fusté  
JOSE ANTONIO FUSTE  
U. S. DISTRICT JUDGE